1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD LEWIS, an individual,              No.  1:23-cv-00079-ADA-BAM

12                 Plaintiff,                     **ORDER GRANTING PLAINTIFF'S**
                                                  **APPLICATION FOR ALTERNATE SERVICE**
13         v.                                     **OF PROCESS**

14    HERBERT ZENO, as an individual;
      UNKNOWN RIDERS M.C., a California           (Doc. 7.)
15    unincorporated association; and DOES 1
      through 25, inclusive,
16
                    Defendants.
17

18          On April 19, 2023, Plaintiff Richard Lewis ("Plaintiff") filed an Application for Alternate

19   Service of Process and Extension of Time for Service of Process and Other Deadlines, requesting

20   permission to serve process upon Defendants Herbert Zeno and Unknown Riders M.C.

21   ("Defendants") by means other than personal service.  (Doc. 7.)  Specifically, Plaintiff requests

22   permission to serve the Summons, Complaint, Notice of ADR, and Order Setting Mandatory

23   Scheduling Conference in this proceeding on Defendants Herbert Zeno and Unknown Riders

24   M.C. by U.S. Mail and U.S. Certified Mail sent to Defendants at the parties' last known address,

25   which is 2546 N. Dearing Ave., Fresno, CA 93703.[1]

26   _____

27   [1] Plaintiff initially requested alternate service by publication.  (Doc. 7.)  Plaintiff did not file a
     new request.  However, at the status conference, Plaintiff indicated that he would modify his
     request to alternate service by mail.  (Doc. 10.)  Pursuant to the Court's minute order (Doc. 10),
28   Plaintiff submitted a modified request to alternate service by mail or certified mail.

                                                   1

1    The Court held a status conference to discuss the issues with service and Plaintiff's

2   application on April 26, 2023.  (Doc. 10.)  Plaintiff's counsel appeared at the hearing, but

3   Defendants did not appear at the hearing.  (Doc. 9.)  After considering the pleadings and

4   arguments presented at the hearing, Plaintiff's Application for Alternate Service of Process is

5   GRANTED.

6   **I.      Background**

7    On January 12, 2023, Plaintiff initiated this copyright action against Defendants, alleging

8   they used Plaintiff's design without his authorization.  (Doc. 1.)  On January 26, 2023, Plaintiff's

9   counsel hired Richard Jones of Dependable Investigations to personally serve Defendant Herbert

10  Zeno in his individual capacity and on behalf of Defendant Unknown Riders M.C. with the

11  Summons, Complaint, Notice of ADR, and Order Setting Mandatory Scheduling Conference in

12  this action.  (Doc. 7-1 ¶ 3.)  Plaintiff's counsel provided Dependable Investigations with the

13  residential address of Herbert Zeno, 2546 N. Dearing Ave., Fresno, CA 93703, which Plaintiff's

14  counsel obtained through discovery in a Fresno County Superior Court action involving the same

15  parties.  (*Id*. ¶ 4.)  In addition to Defendant Zeno's address, Mr. Jones was also able to locate a

16  telephone number for Defendant Zeno.  (*Id*. ¶ 6.)

17   Mr. Jones attempted personal service on Defendant Zeno at his residence at 2546 N.

18  Dearing Ave., Fresno, CA 93703, individually and on behalf of Defendant Unknown Riders M.C.

19  (Doc. 7-2 ¶ 7.)  On his first service attempt on January 28, 2023, Mr. Jones received no response

20  at the door and there were no vehicles in the driveway.  (*Id.*)  On his second service attempt on

21  January 29, 2023, Mr. Jones again saw no response at the door or vehicles in the driveway, but

22  Mr. Jones reached Defendant Zeno on the telephone.  (*Id.*)  During this call, Defendant Zeno

23  informed Mr. Jones that he would not accept personal service, but that Mr. Jones could serve

24  Defendant Zeno's attorney.  (*Id.*)  On his third service attempt on January 31, 2023, Mr. Jones

25  again attempted to personally serve Defendant Zeno at his residence, but there was no response at

26  the door and a pickup truck in the driveway.  (*Id.*)  Mr. Jones again called Defendant Zeno, who

27  informed Mr. Jones that he was not at his residence, would not accept personal service, and that

28  service of documents should be made on Defendant Zeno's attorney, Kathleen Alparce of WHGC

2

P.L.C.  (*Id.;* Doc. 7-1 ¶ 9.)  Mr. Jones noted in his affidavit that he was unable to locate either a business address for Defendant Zeno or for Defendant Unknown Riders M.C.  (Doc. 7-2 ¶ 8.)

On February 28, 2023, Plaintiff's counsel mailed a Notice and Acknowledgement for each Defendant to attorney Kathleen Alparce at WHGC P.L.C., 1301 Dove Street, Suite 1050, Newport Beach, CA 92660, who represents Defendants in a Fresno County Superior Court case. (Doc. 7-1 ¶¶ 9-10.)  Plaintiff's Counsel received a reply on March 10, 2023, in which another attorney with WHGC P.L.C. wrote that they did not have the opportunity to discuss the instant matter with Defendant Zeno and could not confirm whether they would be representing Defendant Zeno.  (*Id.*)  Plaintiff's counsel's law clerk requested that WHGC P.L.C. confirm that the firm was not representing Defendants in the instant action but received no response.  (*Id.*)  On April 3, 2023, Plaintiff's counsel's law clerk again reached out to the WHGC P.L.C. Litigation Secretary to confirm that they were not representing Defendants in the instant action, but again received no response.  (*Id.*)  Following Plaintiff's attempts to effect service upon Defendant Zeno personally and upon his counsel in another matter, Plaintiff's counsel performed further research to determine if there was another way to effect personal service upon Defendants but found no new information.  (*Id.* ¶ 12.)

## II.      Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Rule 4(h) provides that a corporation, partnership, or association may be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by

3

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant…" Fed. R. Civ. P. 4(h)(1).  In addition, Rule 4(m) requires that the court dismiss an action without prejudice if a defendant has not been served within 90 days of the filing of the complaint, but allows that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants...notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc*., 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted).  Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

California Code of Civil Procedure permits service by mailing a "copy of the summons and of the complaint… (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). Subsection (b) of the statute provides the form for a Notice and Acknowledgement of Receipt of Summons which cautions the recipient that "[f]ailure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law." *Id.* § 415.30(b), 415.30(d).  Service by mail is "deemed complete on the date a written acknowledgment of receipt of summons is executed." *Id.* § 415.30(c); *see also Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994).

**III.    Discussion**

Plaintiff has shown good cause for failure to serve Defendants within 90 days pursuant to Rule 4(m).  Soon after Plaintiff's filing of the complaint on January 12, 2023, Plaintiff's process

4

1   server made three attempts to effect personal service on Defendant Zeno individually and on

2   behalf of Defendant Unknown Riders M.C. at Defendant Zeno's personal residence.  (Doc. 7-2 ¶¶

3   7.)  Plaintiff's process server additionally spoke with Defendant Zeno telephonically and

4   attempted to find another way to effectuate service.  *Id.*  Once personal service efforts failed,

5   Plaintiff's counsel attempted to serve Defendants through WHGC P.L.C., their counsel in another

6   matter involving the same parties.  (Doc. 7-1 ¶¶ 3-11.)  From February 2023 to April 2023,

7   Plaintiff's counsel made multiple attempts to determine whether WHGC P.L.C. could or would

8   accept service for Defendants in this matter.  Plaintiff's counsel further notes that research into

9   other potential locations or methods for service has not returned other avenues for service.  (Doc.

10  7-1 ¶¶ 12.)  As Plaintiff has continuously attempted to effectuate service in a reasonable manner,

11  he has shown good cause for the failure to serve Defendants and thus the time for service must be

12  extended.

13        Plaintiff has also made the requisite showing to justify alternative service.  First, Plaintiff

14  has exhausted efforts to achieve service on Defendants, both through personal service at

15  Defendant Zeno's residence and through Defendants' counsel in another matter involving the

16  same parties.  (Doc. 7-1 ¶¶ 3-11.)  Second, Plaintiff's requested method of service by mail is

17  authorized under Rule 4(e) and 4(h) through California Code of Civil Procedure Section

18  415.30(a).  *See* Fed. R. Civ. P. 4(e), 4(h)(1); Cal. Civ. Proc. Code § 415.30(a).  Finally, as

19  Plaintiff's counsel has obtained Defendant Zeno's residential address through verified responses

20  in another matter, service by U.S. Mail and certified mail there would likely apprise Defendants

21  of the pendency of this action and afford them the opportunity to present their objections,

22  satisfying Due Process requirements.  (Doc. 7-1 ¶ 4); *see Mullane*, 339 U.S. at 314.  Accordingly,

23  alternate service by U.S. Mail and by certified mail is proper.

24        ///

25        ///

26        ///

27        ///

28        ///

**IV.     Conclusion & Order**

        Based on the foregoing, Plaintiff's Application for Alternative Service is GRANTED.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff has shown good cause for failure to serve Defendants.  Fed. R. Civ. P. 4(m).
    Plaintiff's time to serve Defendants is extended to May 31, 2023.

2.   On or before May 31, 2023, Plaintiff shall serve the Summons, Complaint, Notice of
    ADR, and Order Setting Mandatory Scheduling Conference in this proceeding on
    Defendants HERBERT ZENO and UNKNOWN RIDERS M.C. by U.S. Mail and U.S.
    Certified Mail sent to Defendants at the parties' last known address, which is 2546 N.
    Dearing Ave., Fresno, CA 93703 pursuant to California Code of Civil Procedure
    Section 415.30(a).  Service by U.S. Mail and U.S. Certified Mail at the parties' last
    known address is the manner most likely to give actual notice of this proceeding to
    Defendants.

3.  In addition to the documents described above, Plaintiff shall also serve by U.S. Mail
    and U.S. Certified Mail sent to Defendants at the parties' last known address, which is
    2546 N. Dearing Ave., Fresno, CA 93703, a copy of this signed order permitting
    alternative service on Defendants.

4.  Service of Defendants shall be deemed complete on the tenth (10) day after the last
    mailing.

IT IS SO ORDERED.

    Dated:   **May 1, 2023**               /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE