UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERBERT ZENO, and UNKNOWN RIDERS M.C.,<br><br>　　　　　Defendants. | No. 1:23-cv-00079-KES-BAM<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR DEFAULT JUDGMENT, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 26.) |

　　　　On January 12, 2023, plaintiff Richard Lewis filed this action pursuant to federal copyright law, 17 U.S.C. §§ 106 *et seq*., and California's Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* Doc. 1 ("Compl."). Plaintiff alleges that on numerous occasions, without plaintiff's permission, defendants Herbert Zeno and Unknown Riders M.C. used an original visual artwork that plaintiff created. *Id.* ¶¶ 33–35. Following proper service and defendants' failure to respond to the complaint, the Clerk entered default as to both defendants. Docs. 17, 18. Plaintiff moved for default judgment against both defendants. Doc. 20.

　　　　On February 23, 2024, the assigned magistrate judge issued findings and recommendations recommending that: (1) plaintiff's motion for default judgment be granted; and

1

1    (2) an injunction issue against defendants.  Doc. 26.  The findings and recommendations were
2    served on the parties and contained notice that any objections thereto were to be filed within
3    fourteen (14) days after service.  Docs. 26–27.  No objections were filed.
4    　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
5    novo review of the case.  Having carefully reviewed the entire file, the Court declines to adopt the
6    findings and recommendations and denies the motion for default judgment because plaintiff's
7    complaint fails to state a claim for either copyright infringement or unfair competition.
8    　　　　Under Rule 55(b)(2), a party may apply to the court for a default judgment against a
9    defendant that has failed to plead or otherwise defend against an action.  Fed. R. Civ. P. 55(b)(2).
10   "The general rule of law is that upon default the factual allegations of the complaint, except those
11   relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826
12   F.2d 915, 917–18 (9th Cir. 1987).
13   　　　　The Court may consider the following factors in deciding whether to grant a motion for
14   default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
15   substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the
16   action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due
17   to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure
18   favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986);
19   *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  "Of all the *Eitel*
20   factors, courts often consider the second and third factors to be the most important."  *Vietnam*
21   *Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).
22   　　　　Turning first, then, to the second and third factors, the Court notes that the Ninth Circuit
23   has strongly "suggested that these two factors require that a plaintiff 'state a claim on which the
24   [plaintiff] may recover.'"  *PepsiCo*, 238 F. Supp. 2d at 1174 (citations omitted).  In *Danning v.*
25   *Lavine*, the court explained that "facts which are not established by the pleadings of the prevailing
26   party, or claims which are not well-pleaded, are not binding and cannot support [a default]
27   judgment."  572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Hoa Huynh*, 503
28   F.3d 847, 854–55 (9th Cir. 2007) (affirming denial of default judgment where plaintiff failed to

state a claim).

Plaintiff's complaint fails to state a claim for copyright infringement. To establish copyright infringement, a plaintiff must show: (1) "that he owns a valid copyright"; and (2) "that [the alleged infringer] copied protected aspects of the work." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). The first element is not satisfied where a plaintiff fails to show that he has registered his work with the United States Copyright Office. *See Unicolors, Inc. v. Urban Outfitters*, 853 F.3d 980, 988 (9th Cir. 2017) ("[A plaintiff is] required to show registration as an element of an infringement claim."); *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615 (9th Cir. 2010), *abrogated on other grounds by Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 586 U.S. 296 (2019) ("[R]egistration is an element of an infringement claim . . . ."); *see also* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").

Plaintiff alleges that he "registered his Copyrighted Work with the California Secretary of State through a Trademark/Service Mark registration" and attaches the trademark application as an exhibit. *Id.* ¶ 37; Doc. 1-2, Ex. A. Trademark and copyright are not interchangeable terms. Trademark and copyright protect different forms of intellectual property, and their respective protections lie in two different titles of the United States Code. *Compare* 15 U.S.C. § 1051 *et seq.* (trademarks) *with* 17 U.S.C. § 101 *et seq.* (copyrights). The requirements for their registration are also distinct. *Compare* 15 U.S.C. § 1051 *et seq. with* 17 U.S.C. §§ 408–412. As plaintiff has failed to allege that he registered his copyright with the Copyright Office, *see* 17 U.S.C. § 411(a), which is a required element of his copyright infringement claim, he has not stated a claim for copyright infringement.

The findings and recommendations also concluded that plaintiff failed to state a claim for unfair competition under California Business & Professions Code § 17200, *et seq.* Doc. 26 at 8–13. This conclusion was correct for the reasons stated therein. *See id.*

The second and third *Eitel* factors—which are the most important—counsel against default judgment. The findings and recommendations correctly analyzed the remaining factors,

3

all of which are neutral or weigh in favor of default judgment. *See* Doc. 20 at 6, 13–15. However, because the two most important factors weigh heavily against granting a default judgment, the Court declines to adopt the findings and recommendations and denies plaintiff's motion for default judgment.

      Lastly, a "trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 812 F.3d 986, 991 (9th Cir. 1987) (citations omitted). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.* Given that the complaint, in its current form, fails to state a claim upon which relief can be granted, the Court sua sponte dismisses the complaint with leave to amend.

      Accordingly,

1. The Court declines to adopt the findings and recommendations issued on February 23, 2024, Doc. 26;
2. Plaintiff's motion for default judgment is DENIED;
3. Plaintiff's complaint is DISMISSED with leave to amend; and
4. Plaintiff may file an amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

Dated:   May 30, 2025

UNITED STATES DISTRICT JUDGE

4