UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LEWIS, an individual,

Plaintiffs,

v.

HERBERT ZENO, as an individual; UNKNOWN RIDERS M.C., a California unincorporated association; and DOES 1 through 25, inclusive,

Defendants.

Case No. 1:23-cv-00079-KES-FJS

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(ECF No. 40)

FOURTEEN (14) DAY DEADLINE

Currently pending before the court is Plaintiff Richard Lewis's ("Plaintiff") motion for default judgment against Defendants Herbert Zeno and Unknown Riders M.C. (collectively, "Defendants"). (ECF No. 40.) The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendants did not respond to the motion and the time to do so has passed. L.R. 230(c) ("Opposition . . . to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.")

On March 4, 2026, Magistrate Judge Stanley A. Boone held a hearing on the instant motion. Amy Lovegren-Tipton appeared on behalf of Plaintiff Richard Lewis via Zoom videoconference. Defendant Herbert Zeno, pro se, appeared in person at the hearing. (ECF No. 42.) On March 23, 2026, due to the appointment of a new magistrate judge, the case was

reassigned to Magistrate Judge Frank J. Singer for all further proceedings. (ECF No. 43.)

Having considered the moving papers and the record in this action and for the reasons that follow, the court RECOMMENDS that Plaintiff's motion for default judgment (ECF No. 40) be GRANTED and attorneys' fees and costs be awarded.

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On January 12, 2023, Plaintiff filed this action pursuant to federal copyright law, 17 U.S.C. §§ 106 *et seq.*, and California's Unfair Competition Law, California Business & Professions Code § 17200, *et seq*. (ECF No. 1.) Plaintiff alleges that Defendants engaged in copyright infringement of Plaintiff's copyrighted visual artwork. (*See id.*)

Plaintiff is the founding member of the motorcycle club Unknown Riders MC – Fresno. In 1972, Plaintiff designed, created, and drew by hand, and was the owner of the patch design subject to United States Copyright Registration No. VAu 1-479-745 (the "Copyrighted Work"), described as:

> In red capital letters the word "UNKNOWN" is at the top. Under the word "UNKNOWN" is a black fist, throttle, brake lever and cable centered. Under that depiction in green capital letters are the letters "MC" centered. Under the letters "MC" in red capital letters is the word "RIDERS " under the word "RIDERS" is city being represented" in this case in green capital letters is the word "FRESNO ". All of the above is on a white background trimmed to the words and fist. With a black border.

(ECF No. 30 ¶¶ 23, 28.) Plaintiff's design was selected by the founding members of Unknown Riders MC – Fresno, and it was agreed that Plaintiff would retain the rights to his original design. (*Id.* ¶¶ 28-29.)

Plaintiff alleges that shortly after the club's formation, Defendant Herbert Zeno had a dispute with Unknown Riders MC – Fresno. (*Id.* ¶ 31.) After the dispute, Defendant Zeno started a new motorcycle club named Unknown Riders M.C. and designated himself President of the new club. (*Id.* ¶ 32.) Although members of the original organization refused to recognize Defendant Zeno's new association, Defendant Zeno proceeded to recruit individuals into his organization and begin activities using Plaintiff's Copyrighted Work. (ECF No. 30 ¶¶ 33, 36.) Unknown Riders MC – Fresno and its members are distinct and wholly separate from Defendant Zeno's association Unknown Riders M.C., which continues to exist and operate. (*Id.* ¶ 34.)

In approximately 2021, Plaintiff demanded Defendant Zeno and Defendant Unknown Riders M.C. cease and desist from using the Copyrighted Work. (*Id.* ¶ 36.) Plaintiff alleges that in response to Plaintiff's actions, Defendant Zeno initiated a suit in Fresno County Superior Court where Defendant Zeno asserted that he and Defendant Unknown Riders M.C. owned the rights to Plaintiff's copyrighted visual artwork. (*Id.* ¶ 38.) Plaintiff contends that in Defendant Zeno's Fresno County Superior Court complaint, Defendant Zeno admitted that he had "prominently displayed the visual artwork on advertisements, event flyers, and jackets for Defendant Unknown Riders M.C." (*Id.*)[1] Plaintiff alleges that Defendants continued their unauthorized use of Plaintiff's Copyrighted Work in promotions for Defendant Unknown Riders M.C. events and in social media postings for the purposes of increasing goodwill and name recognition for Defendants. (*Id.* ¶ 41.)

On January 12, 2023, Plaintiff initiated this action against the Defendants for copyright infringement and unfair competition arising out of Defendants' use and display of Plaintiff's Copyrighted Work. (ECF No. 1.) On January 16, 2024, Plaintiff filed a first motion for default judgment against Defendants. (ECF No. 20.) On February 23, 2024, the court issued findings and recommendations recommending that Plaintiff's motion for default judgment be granted on his copyright claim but not on his unfair competition law claim. (ECF No. 26 at 13.) On May 30, 2025, District Judge Kirk E. Sherriff issued an order declining to adopt the findings and recommendations on the basis that Plaintiff failed to state a claim for copyright infringement, as the original complaint failed to allege that Plaintiff registered his copyright with the Copyright Office, 17 U.S.C. § 411(a), which is a required element of his copyright infringement claim. (ECF No. 29 at 3.) Accordingly, Judge Sherriff denied Plaintiff's motion for default judgment and dismissed the original complaint with leave to amend. (*Id*. at 4.)

On June 27, 2025, Plaintiff filed an amended complaint again bringing claims for copyright infringement under 17 U.S.C. §§ 106 *et seq.* and unfair competition under Cal. Bus. & Prof. Code §§ 17200, *et seq.* and common law. (ECF No. 30.) Plaintiff served the amended

[1] At the March 4, 2026, hearing on this motion, Plaintiff's counsel represented that the state action was dismissed with prejudice for failure to prosecute.

complaint and a copy of the summons to Defendant Herbert Zeno by personal service. (ECF No. 33.) The same day, Plaintiff served the amended complaint and a copy of the summons on Defendant Unknown Riders M.C. by personal service on Herbert Zeno, president of Unknown Riders M.C. (ECF No. 34.) The Clerk of Court entered default against Defendants on September 16, 2025. (ECF No. 37.)

Plaintiff filed the instant motion for default judgment against Defendants on January 21, 2026, seeking (1) that Defendants' products and materials, including jackets, that infringe Plaintiff's copyright, as well as any other articles that contain or embody copies of Plaintiff's original work, be impounded pursuant to 17 U.S.C. § 503(a); (2) that Defendants' products and materials, including jackets, that infringe Plaintiff's copyright, as well as any other articles that contain or embody copies of Plaintiff's original work, be destroyed pursuant to 17 U.S.C. § 503(b); (3) that Defendants be required to provide a full accounting to Plaintiff for all profits derived from their use and display of Plaintiff's Copyrighted Works in promoting and advertising events and during the course of Defendants' participation in events; (4) that Defendants be ordered to pay Plaintiff all damages, including future damages, that Plaintiff has sustained or will sustain as a result of the Defendants' actions and that Plaintiff be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting; (5) that preliminary and permanent injunctions be ordered, prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's Copyrighted Work; (6) that Defendants be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all damages at the legal rate of 10 percent per annum; and (7) that Defendants be ordered to pay to Plaintiff's attorneys' fees in the amount of $8,100, and costs in the amount of $662.10.[2] (ECF Nos. 30 at 10-11, 40-7 at 3-4.)

---

[2] Litigation expenses and costs include $402.00 in initial case filing fees and $260.10 in process service fees for the service of both the original and first amended complaint. (ECF No. 40-7 ¶¶ 22-23.)

On January 21, 2026, copies of the instant notice of motion, motion for entry of default judgment against Defendants and supporting papers were served on Defendants via mail at Herbert Zeno's last known address, 2546 N. Dearing Ave., Fresno, CA 93703. (ECF No. 40-10 at 2.) No response was filed, and the time to do so has since passed. *See* L.R. 230(c). On March 4, 2026, Defendant Herbert Zeno appeared in person at the motion hearing before Magistrate Judge Stanley A. Boone to oppose this motion. (ECF No. 42.)

On March 23, 2026, this action was reassigned to Magistrate Judge Frank J. Singer for all further proceedings. (ECF No. 43.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(1) outlines the circumstances under which the clerk of the court may enter default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) states that in "all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

III. DISCUSSION

The court shall address each of the *Eitel* factors in turn. For the reasons provided below, the court finds that these factors weigh in favor of the entry of default judgment against Defendants.

A. Service of Process

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716-AWI-GSA, 2010 WL 5200912, at *2 (E.D. Cal. Dec. 15, 2010).

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for serving an individual within a judicial district of the United States. *See* Fed. R. Civ. P. 4. Pursuant to Rule 4(e), an individual—other than a minor, incompetent person, or a person whose waiver has been filed—may be served by following state law for serving a summons in an action brought in courts of general jurisdiction, or by either (a) delivering a copy of the summons and complaint to the individual personally, or (b) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). Pursuant to Rule 4(h), a domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or agent and by a mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

Under California law, an individual may be served by personal delivery of a copy of the summons and complaint to the person to be served. Cal. Civ. Proc. Code § 415.10. An

unincorporated association may be served "by delivering a copy of the summons and of the complaint . . . to the president or other head of the association." Cal. Civ. Proc. Code § 416.40.

Here, Plaintiff served the amended complaint and a copy of the summons to Defendant Herbert Zeno by personal service, as the proof of service filed on September 15, 2025, evinces. (ECF No. 33.) Plaintiff served the amended complaint and a copy of the summons on Defendant Unknown Riders M.C. by personal service on Herbert Zeno, president of Unknown Riders M.C., as the proof of service filed the same day evinces. (ECF No. 34.)

On January 21, 2026, copies of the notice of motion and motion for entry of default judgment against Defendants and supporting papers were served on Defendants via mail at Herbert Zeno's last known address, 2546 N. Dearing Ave., Fresno, CA 93703. (ECF No. 40-10 at 2.) In addition, Defendant Zeno appeared in person at the March 4, 2026, motion hearing before Magistrate Judge Stanley A. Boone to oppose this motion. (ECF No. 42.)

Having considered the foregoing, the court finds that Plaintiff properly served Defendants pursuant to Fed. R. Civ. P. 4 and Cal. Civ. Proc. Code §§ 415.10 and 416.40.

B. <u>The Eitel Factors Weigh in Favor of Default Judgment</u>

1. <u>Possibility of Prejudice to Plaintiff</u>

The first factor considers whether a plaintiff would suffer prejudice if default judgment were not entered. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).

Here, Plaintiff seeks relief that can only be obtained through a judgment. *See Kemper Indep. Ins. Co. v. Boyer*, No. 2:22-CV-1458-MCE-DB, 2023 WL 4014658, at *2 (E.D. Cal. June 15, 2023), *report and recommendation adopted*, No. 2:22-CV-1458-MCE-DB, 2023 WL 5613105 (E.D. Cal. Aug. 30, 2023). Plaintiff argues that without an injunction, he "will have no other means of stopping Defendants from continuing to infringe on his intellectual property rights." (ECF No. 40-1 at 14.) The court finds Plaintiff would be prejudiced if default judgment

were not granted. Default has been entered against Defendants and Defendants have failed to defend this action. (ECF No. 37.)

This factor weighs in favor of default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [they] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. The court considers the two factors together due to the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (2010). These two factors will favor entry of default judgment "where the complaint sufficiently states a claim for relief upon which the plaintiff may recover." *Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *2 (citing *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175).

Because of the entry of default, the court deems Plaintiff's factual allegations as true. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18 ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."). The court, therefore, evaluates whether those facts state a cause of action.

*a) Copyright Infringement*

To establish copyright infringement, a plaintiff must show: (1) "that he owns a valid copyright…; and (2) that [the alleged infringer] copied protected aspects of the work." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). To qualify for valid ownership of a copyright, "a work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1981). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* "The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Id*. Plaintiffs may offer either direct evidence of copying or show that the "similarities between the two works are due to 'copying rather than . . . coincidence, independent creation, or prior common source.'" *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010).

As to the first element of owning a valid copyright, Plaintiff alleges that he "designed and created, by hand, the visual art" that is the subject of this action. (ECF No. 30 ¶ 46.) Plaintiff alleges with particularity the features and characteristics of the Copyrighted Work at issue. (*Id.* ¶¶ 23, 28.) Plaintiff further alleges that on June 13, 2025, Plaintiff registered his copyright with the United States Copyright Office, registration no. 1-14941420601 (*Id.* ¶¶ 37, 49). Plaintiff has therefore sufficiently alleged the first element by creating an original work and being the owner of a valid copyright.

Regarding the copying prong of the second element, Plaintiff alleges that Defendant Zeno and his organization, Defendant Unknown Riders M.C., is a separate organization from the organization Plaintiff belongs to, Unknown Riders MC – Fresno. (ECF No. 30 ¶ 33.) Plaintiff alleges that Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Plaintiff's protected work or derivatives of Plaintiff's protected work without his consent. (*Id.* ¶ 51.) Plaintiff alleges that Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected Copyrighted Work (*id.* ¶ 52), and that Defendant Herbert Zeno has "acknowledge[d] that he has been prominently displaying Plaintiff's Copyrighted Work on advertisements, event flyers, and even jackets of UNKNOWN RIDERS M.C. members."[3] (*Id.* ¶ 38.)

Here, accepting the first amended complaint's factual allegations as true, Plaintiff adequately states a claim for copyright infringement under 17 U.S.C. §§ 106 *et seq.* These allegations are legally sufficient to entitle Plaintiff to judgment against Defendant on the copyright infringement claim.

*b) Violation of California Unfair Competition Law – Unfair Practices*

California Business and Professions Code § 17200 concerns unfair competition and prohibited activities and states that "unfair competition shall mean and include any unlawful,

---

[3] Plaintiff alleges that, in response to Plaintiff's actions to protect his copyrighted work, in February 2022, Defendant Herbert Zeno filed a complaint in Fresno County Superior Court alleging that he, and by extension, his organization Unknown Riders M.C., owned the rights to use and display Plaintiff's Copyrighted Work (Fresno County Superior Court Case No. 22CECG00422). (ECF No. 30 ¶ 38.) Plaintiff alleges that in Mr. Zeno's complaint in that action, he acknowledged his unauthorized use and display of the Copyrighted Work. (*Id.* ¶¶ 38-39.)

unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). To state a claim under the UCL, a plaintiff must identify an underlying statute that defendant violated. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060, (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.")

As discussed in the court's prior findings and recommendations, Plaintiff's original complaint failed to state a claim under California's UCL. (ECF No. 26 at 8-11.) Plaintiff's theory of liability under the UCL remains the same. (ECF No. 40-1 at 17) (relying on the "fraudulent" and "unfair" prongs of the statute). As Plaintiff's first amended complaint does not include new allegations that adequately address the court's prior findings on the UCL claim, the court refers to its prior findings and recommendations. (ECF No. 26 at 8-11). As the court found in its prior findings and recommendations, because federal copyright statutes are the source for Plaintiff's requested relief of an injunction and the award of attorneys' fees, the insufficiency of Plaintiff's pleading of the UCL claim does not impact the merits of the copyright claim and resultant relief. (*Id.* at 13.)

In sum, Plaintiff's amended complaint cures the deficiency in the original complaint's copyright claim but does not improve upon the previously pleaded UCL claim. Accordingly, the court concludes that the second and third *Eitel* factors weigh in favor of default judgment on Plaintiff's copyright claim, but not on Plaintiff's UCL claim. (*Cf.* ECF No. 26 at 13.)

3. <u>The Sum of Money at Stake in the Action</u>

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake is substantial, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (internal citation omitted).

Here, Plaintiff seeks an injunction and attorneys' fees and costs. (ECF No. 30 at 10-11; 40-1 at 22-23.) Plaintiff's counsel states that Plaintiff incurred costs in the amount of $402.00 in initial filings fees, $260.10 in process service fees for the service of both complaints, and attorneys' fees in the amount of $8,100.00. (ECF No. 40-4 ¶¶ 22, 25.) Plaintiff's counsel reaffirmed this amount at the March 4, 2026, hearing. (ECF No. 42.) The amount of money at stake is relatively modest and it does not seem unreasonable in light of the allegations contained in the complaint.

Accordingly, this factor does not weigh against entry of default judgment.

4. <u>The Possibility of a Dispute Concerning Material Facts</u>

"Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists." *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). On May 30, 2025, the district judge denied Plaintiff's motion for default judgement and granted him leave to file a first amended complaint. (*See generally* ECF No. 29.) Thereafter, Plaintiff served Defendants with the first amended complaint and motion for default judgment. (ECF Nos. 33, 34, 40-10 at 2.) Defendants, once again, defaulted. And while Defendant Zeno appeared at the March 4, 2026, hearing, he neither proffered a genuine issue of material fact nor moved to set aside his default. It follows that the possibility of a dispute of material facts in this case is low. *See Fudy Printing Co. v. Aliphcom, Inc.*, No. 17-CV-03863-JSC, 2019 WL 2180221, at *5 (N.D. Cal. Mar. 7, 2019) ("The record reflects [Defendant's] silence despite opportunities to respond, so there is little possibility of a dispute of material facts."), *report and recommendation adopted*, No. 17-CV-03863-VC, 2019 WL 2180213 (N.D. Cal. Apr. 3, 2019).

For these reasons, the court finds that this factor weighs in favor of default judgment.

5. <u>Whether the Default Was Due to Excusable Neglect</u>

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

*Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the court finds that the default was not the result of excusable neglect. As discussed above, Defendants were properly served with the summons, first amended complaint, and the motion for default judgment. (ECF Nos. 33, 34, 40-10 at 2.) Despite service, Defendants did not appear. Moreover, at the March 4, 2026, hearing, Defendant Zeno did not offer information suggesting that Defendants' default resulted from excusable neglect.

The entry of default limited Defendants' options to moving to set aside the entry. *Lazar v. Charles Schwab & Co.*, No. SA CV 12-02141 BRO (ANx), 2013 WL 12403551, at *5 (C.D. Cal. Aug. 21, 2013) (citing Fed. R. Civ. P. 55(c)). Defendant Zeno has not requested an extension of time to hire counsel, filed a document, made any attempt to defend himself, or proffered facts that could be liberally construed as good cause to set aside the default pursuant to Fed. R. Civ. P. 55, or otherwise "present the district court with specific facts that would constitute a defense." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926-27 (9th Cir. 2004). Here, neither defendant has demonstrated "a clear purpose to defend the suit." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988).

Thus, the record suggests that Defendants' default is the result of their own choice not to participate in this action rather than the product of excusable neglect. The fact that Defendants failed to engage with either the original complaint or the operative complaint further undermines the possibility of excusable neglect.

This factor weighs in favor of the entry of a default judgment.

6. <u>The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Yet district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the court acknowledges the policy favoring decisions on the merits, the forcefulness of that policy weakens where, as here, defendants choose not to respond to either filed complaint.

Accordingly, the court finds the policy favoring decisions on the merit does not preclude entering default judgment against Defendants under these circumstances.

7. The Eitel Factors Weigh in Favor of Granting Default Judgment

Based on the foregoing, the court finds that the *Eitel* factors weigh in favor of granting default judgment and recommends that Plaintiff's motion for default judgment be granted.

IV. DAMAGES

Plaintiff's motion for default judgment seeks a permanent injunction enjoining Defendants from infringing upon the Plaintiff's Copyrighted Work, plus attorneys' fees and costs. (ECF No. 40-9 at 2-3.)[4] Yet the court will proceed only on the forms of relief addressed substantively in Plaintiff's Motion. (*See* ECF Nos. 40-1 at 18 (arguing that "Plaintiff Seeks No Damages—Only Permanent Injunctive Relief") and 40-9 (seeking only a permanent injunction and attorneys' fees and costs)). Accordingly, the court only addresses the requested injunctive relief and attorneys' fees and costs.

A. Injunctive Relief

Plaintiff seeks a permanent injunction barring Defendants' further acts of copyright infringement and unfair competition, including further use and display of the Copyrighted Work, or any reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Work. (ECF No. 40-1 at 19; ECF No. 30 at 11.)

The Copyright Act authorizes courts to issue permanent injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctive relief is appropriate when a party establishes "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such

[4] The court notes that Plaintiff's first amended complaint seeks additional relief, including that Defendants' products and materials, including jackets, that infringe Plaintiff's copyright, as well as any other articles that contain or embody copies of Plaintiff's original work, be impounded pursuant to 17 U.S.C. § 503(a); that Defendants' products and materials, including jackets, that infringe Plaintiff's copyright, as well as any other articles that contain or embody copies of Plaintiff's original work, be destroyed pursuant to 17 U.S.C. § 503(b); that Defendants be required to provide a full accounting to Plaintiff for all profits derived from their use and display of Plaintiff's Copyrighted Works in promoting and advertising events and during the course of Defendants' participation in events; and that Defendants be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all damages at the legal rate of 10 percent per annum. (ECF No. 30 at 10-11.)

as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

First, Plaintiff has established irreparable harm. In this action, as discussed above, Plaintiff has established Defendants' liability for copyright infringement under 17 U.S.C. §§ 106 *et seq*.

Second, Plaintiff has established that monetary relief is inadequate to compensate for the injury. Plaintiff represents that "Defendants continue to host the annual events in direct competition with and at the same time as the corresponding events," (ECF No. 40-1 at 1), "Defendants HERBERT ZENO and his motorcycle club UNKNOWN RIDERS M.C. have used and displayed and continue to use and display the Copyrighted Work in association with their club activities and events causing confusion among those persons familiar with the history and reputation associated with the Copyrighted Work," (*id.* at 9), and that such unauthorized use "continue[s] to cause damage to Plaintiff's reputation and goodwill." (*Id.* at 21.) To the extent the scope of the damage is ongoing, monetary relief is inadequate. *Strike 3 Holdings, LLC v. Poluk*, No. 2:20-CV-2146-TLN-CKD, 2021 WL 5321824, at *5 (E.D. Cal. Nov. 16, 2021), *report and recommendation adopted sub nom. Strike 3 Holdings, LLC v. Poluck*, No. 2:20-CV-02146-TLN-CKD, 2022 WL 224020 (E.D. Cal. Jan. 25, 2022).

Third, Defendants will not suffer a hardship if this permanent injunction is entered against them. Plaintiff's injunction seeks to stop Defendants from continuing to use Plaintiff's Copyrighted Work without authorization. (ECF No. 40-1 at 21.) Since defendant never had permission or a right to do this, he suffers no hardship by being restrained from doing so. *Strike 3 Holdings, LLC*, 2021 WL 5321824, at *5. The injunction does not prevent Defendants from continuing their activities and holding annual events. *Id.* Defendants simply must do so without unauthorized use of Plaintiff's Copyrighted Work. On the other hand, Plaintiff's hardship absent an injunction is significant. Specifically, Plaintiff risks continued copyright violations and confusion from members of the public, as well as harm to Plaintiff's reputation and goodwill.

(ECF No. 40-1 at 21.)

Finally, the public interest is served by a permanent injunction because Plaintiff's statutory right to enforce its copyrights outweighs Defendants' interest in unlawfully utilizing the Copyrighted Work. *See id.*; *see also UMG Recordings, Inc. v. Blake*, No. CV 5:06-00120-BR, 2007 WL 1853956, at *3 (E.D.N.C. June 26, 2007) ("[T]here is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity.").

Accordingly, the court finds that a permanent injunction against Defendants is appropriate.

B. Attorneys' Fees and Costs

Plaintiff is requesting attorneys' fees in the amount of $8,100.00, and costs of $662.10 in costs. (ECF No. 40-7 ¶ 25.) Recovery of costs, including attorneys' fees, are authorized in copyright infringement actions. 17 U.S.C. § 505.

Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). The district court has the discretion to adjust the number of hours claimed or to the hourly rate but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The lodestar amount is to be determined based upon the prevailing market rate in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 896 (1984). "By and large, the district court should defer to the winning lawyer's professional judgment as to how much time he or she was required to spend on the case." *Ryan*, 786 F.3d at 763 (citing *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008) (internal punctuation omitted)).

*1. Reasonable Hourly Rates*

The fee applicant bears a burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. An applicant meets this burden by producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested

rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*

Hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately thirty years. *See, e.g.*, *Cianchetta v. BMW of N. Am., LLC*, No. 2:20-cv-00241-KJM-JDP, 2022 WL 2160556, at *6 (E.D. Cal. Jun. 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *see also Seebach v. BMW of N. Am., LLC*, No. 2:18-cv-00109-KJM AC, 2020 WL 4923664, at *3 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, $505 for an attorney "with roughly 20 years of experience" in 2020, and noting the court had awarded an average of $650 per hour for an attorney with roughly 35 years of experience).

Counsel Amy R. Lovegren-Tipton has approximately seventeen years of civil litigation experience. (ECF No. 40-7 ¶ 23, Declaration of Amy R. Lovegren-Tipton ("Lovegren-Tipton Decl.").) Her hourly billing rate is $300.00 per hour. (*Id.*) Counsel Lovegren-Tipton represents that her billing rate is typical for matters of this nature, is what she charges all of her clients as her hourly fee, and is commensurate for her experience in this locale. (*Id.* ¶ 24.) In light of the legal authorities cited above, the court finds Counsel Lovegren-Tipton's hourly rate of $300.00 is reasonable.

*2. <u>Reasonable Attorney and Paralegal Time Expended</u>*

Counsel Lovegren-Tipton proffers Plaintiff has included $8,100.00 in attorneys' fees (27 hours) in connection with this matter. (*Id.* ¶ 25.) The court has considered the record in this matter, including preparing the complaint and first amended complaint, multiple attempts at service, application for alternate service, and two motions for default judgment. The court finds the time expended in this matter, as set forth in counsel's declaration and represented by counsel in the March 4, 2026, hearing, is reasonable.

Based on the foregoing, the court recommends Plaintiff be awarded 27 hours of attorney time (x $300.00 hourly rate), for a total reasonable fees amount of $8,100.00.

3. *Litigation Expenses and Costs*

Plaintiff seeks a total of $662.10 in costs, which consists of the filing fee ($402.00) and costs of service for the original complaint and first amended complaint ($260.10). (*Id.* ¶ 22.) The court finds such costs to be reasonable.

Accordingly, the court recommends Plaintiff be awarded its costs in the amount of $662.10.

C. Compensatory Damages

Plaintiff's motion briefly states that Plaintiff seeks "compensatory damages." (ECF No. 40-1 at 6.) Plaintiff does not substantively argue for compensatory damages in his motion. Further, Plaintiff explicitly states that he "Seeks No Damages—Only Permanent Injunctive Relief." (*Id.* at 17.) Accordingly, the court will not consider the request for compensatory damages.

V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff Richard Lewis's motion for default judgment be granted (ECF No. 40);
2. An injunction issue against Defendants requiring that each of the Defendants, its officers, agents, servants, employees, representatives, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with each of the Defendants who receive notice hereof, including but not limited to all subsidiaries, affiliates, licensees, employees, or assigns of each of the Defendants, be permanently enjoined from:
   A. Directly or indirectly infringing, in any manner, Plaintiff's registered Copyrighted Work (United States Copyright Registration No: VAu1-479-745), which is described as follows:

      > In red capital letters the word "UNKNOWN" is at the top. Under the word "UNKNOWN" is a black fist, throttle, brake lever and cable centered. Under that depiction in green capital letters are the letters "MC" centered. Under the letters "MC" in red capital letters is the word "RIDERS " under the word "RIDERS" is city being represented" in this case in green capital letters is the word "FRESNO ". All of the above is on a white background trimmed to the words and fist. With a black border.

B. Displaying the Copyrighted Work on jackets or other articles of clothing worn by Defendants or their officers, agents, servants, employees, representatives, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with each of the Defendants;

C. Using Plaintiff's Copyrighted Work, or any reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Work, in connection with the offering, promotion, marketing, or production of any event or gathering which is not affiliated and approved and authorized by Plaintiff;

D. Applying the Copyrighted Work, or any reproduction, counterfeit, copy or colorable imitation of the Copyrighted Work, to any advertisement, website, social media post, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, and/or offering for sale or distribution of any club-related or event-related merchandise;

E. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that Defendants' activities are sponsored, approved, affiliated with or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff or the motorcycle club of which Plaintiff is a founding member;

3. Plaintiff shall recover from Defendants, jointly and severally, attorney's fees in the amount of $8,100.00 and costs of $662.10; and

4. Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendants at Defendants' last known address(es).

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within <u>fourteen (14) days</u> after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's findings and recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the</u>

record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the “right to challenge the magistrate’s factual findings” on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE